<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 01-6543**

———————

In Re: TYREES COLOZA WHITEHEAD,

Petitioner.

———————

On Petition for Writ of Mandamus.  (CA-00-3355)

———————

Submitted:  July 31, 2001          Decided:  August 15, 2001

———————

Before WIDENER, KING, and GREGORY, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Tyrees Coloza Whitehead, Petitioner Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Tyrees C. Whitehead seeks a writ of mandamus compelling the district court to consider his application for post-conviction relief as an initial petition filed pursuant to 28 U.S.C. § 2241 (1994), rather than as a successive petition under section 2255 of the same title. Whitehead maintains that his two convictions of violating 18 U.S.C.A. § 924(c)(1) (West Supp. 2000) must be vacated in light of the recent decisions of the Supreme Court in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and <u>Castillo v. United States</u>, 530 U.S. 120 (2000).

The cited authorities are inapposite to Whitehead's claims. Inasmuch as section 924(c)(1) prescribes no statutory maximum, Whitehead's sentence does not implicate <u>Apprendi</u>. <u>See</u> 530 U.S. at 489; <u>United States v. Harris</u>, 243 F.3d 806, 809 (4th Cir. 2001). Moreover, Whitehead has not shown how <u>Castillo</u> (in which the Court concluded that enhanced penalties for particular firearms constitute separate crimes under § 924(c)(1)) bears on his situation, i.e., where the enhanced sentence was imposed as a result of a second conviction under the statute. Consequently, Whitehead cannot demonstrate a clear right to relief justifying issuance of the writ. <u>See</u> <u>Allied Chem. Corp. v. Daiflon, Inc.</u>, 449 U.S. 33, 35 (1980).

Accordingly, we grant Whitehead's motion for leave to proceed in forma pauperis, but we deny his petition for a writ of mandamus

directing the district court to consider the underlying claims pursuant to § 2241.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us, and argument would not aid the decisional process.

PETITION DENIED

---

* Our disposition of this appeal renders it unnecessary for us to decide whether a post-conviction claim based on Apprendi may be maintained under § 2241. We explicitly reserve that question for another day.